```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FRANKLIN GRULLON,                   :
                                    :
                  Petitioner,       :    MEMORANDUM OPINION
                                    :        AND ORDER
        – against –                 :
                                    :    99 Civ. 1887 (JFK)
UNITED STATES.                      :
                                    :
                  Respondent.       :
-----------------------------------X
```
**JOHN F. KEENAN**, **United States District Judge**:

    Petitioner Franklin Grullon ("Grullon"), pro se, has filed a motion for reconsideration of the Court's August 24, 2004 Order and January 16, 2001 Order. For the reasons that follow, the motion is denied.

## Background

    The facts of this case are set out in full detail in the Court's August 24, 2004 Order. To summarize as briefly as possible, on August 30, 1995, Grullon pleaded guilty to one count of conspiracy to commit robbery involving assault with a dangerous weapon in violation of 18 U.S.C. § 1959(a)(6), and one count of using a telephone in connection with the distribution of cocaine, in violation of 21 U.S.C. § 843(b).

    On December 8, 1995, Grullon filed a pro se motion to withdraw his guilty plea and replace his attorney. The Court appointed new counsel, who moved to withdraw the guilty plea on April 11, 1996. The Court denied the motion. United States v. Grullon, 1996 WL 437956 (S.D.N.Y. Aug. 5, 1996). On September 6, 1996, the Court granted Grullon's application to discharge the

new counsel and appointed yet another attorney.  Grullon then moved again to withdraw his guilty plea.  The Court again denied the motion.  United States v. Grullon, 1996 WL 721084 (S.D.N.Y. Dec. 13, 1996).

On December 19, 1996, the Court sentenced Grullon to a term of seven years' imprisonment, consistent with the terms of his written plea agreement.  Grullon appealed.  The Second Circuit affirmed the conviction.  United States v. Torres, 129 F.3d 710 (2d Cir. 1997).

On November 24, 1998, Grullon petitioned to vacate his conviction pursuant to 28 U.S.C. § 2255.  He also moved for this Court to recuse itself from considering his petition.  The Court denied the Section 2255 petition and the recusal motion.  Grullon v. United States, 2001 WL 43603 (S.D.N.Y. Jan. 17, 2001).  This Order was docketed on January 17, 2001.  The Court subsequently denied Grullon's request for a certificate of appealability pursuant to 28 U.S.C. § 2253.  Grullon v. United States, 2001 WL 417080 (S.D.N.Y. April 23, 2001).

In October 2003, Grullon filed a motion pursuant to Fed. R. Civ. P. 60(a) seeking to vacate his convictions and dismiss the indictment against him.  The Court denied the motion. Grullon v. United States, 2004 WL 1900340 (S.D.N.Y. Aug. 24, 2004).  The Order was docketed on August 24, 2004.  Grullon now

moves for reconsideration of the Court's January 17, 2001 Order and August 24, 2004 Order.

### Discussion

Local Civil Rule 6.3 of the Local Rules of the Southern and Eastern Districts of New York governs motions for reconsideration. The rule provides in relevant part:

> A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

Local Civ. R. 6.3. In particular, Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999). Pro se status does not excuse noncompliance with the Local Rules.

Grullon's motion arrived at the Court on December 3, 2004. Even presuming that Grullon mailed the motion on the date he signed it, November 29, 2004, the motion is untimely. Under Local Rule 6.3 and Fed. R. Civ. P. 6(a), Grullon was required to serve his motion for reconsideration of the Court's January 17, 2001 Order on January 31, 2001. He was required to serve his motion for reconsideration of the Court's August 24, 2004 Order on September 8, 2004. His motion was nearly four years late with

respect to the former Order and nearly three months late with respect to the latter.

Grullon contends that he did not receive a copy of the Court's August 24, 2004 Order due to a clerical error. See Letter from F. Grullon to Court (Jan. 12, 2005). Rule 6.3 is clear, however, that the date of Grullon's receipt of the Order is irrelevant. The 10-day limit begins running as of the entry of the Order on the Court's docket. The date of receipt by either of the parties is irrelevant.

For the foregoing reasons, Grullon's motion for reconsideration is dismissed as untimely.

**SO ORDERED.**

Dated: New York, New York
       June 28, 2005

JOHN F. KEENAN
United States District Judge